Metcalf, J.
The question to be decided is, whether this action on the case, brought against the owners of horses and a carriage, and their servant the driver, jointly, can be maintained for an injury done by the negligent driving of the servant, in the absence of the owners. And we are of opinion that it cannot.
To maintain an action against two or more jointly, the plaintiff must show a joint cause of action. In an action ex delicto, the act complained of must be the joint act of all the defendants, either in fact, or in legal intendment and effect. In trespass, all are principals, and he who commands a trespass to be committed, though absent when it is committed, is regarded as a trespasser, and may be sued alone, or jointly with him who obeyed his command. And it has been decided, where one of several proprietors of a coach and horses acted as driver, in the absence of the others, and injured a third party, by negligent driving, that he and the other proprietors were jointly liable to such party, in an action on the case. Moreton v. Harden, 6 Dowl. & Ryl. 275, and 4 Barn. & Cres. 223. They were all held to be responsible for the conduct of the person whom they suffered to drive, whether he was one of themselves or their servant. But the act of a servant is not the act of the master, even in legal intendment or effect, unless the master previously directs or subsequently adopts it. In other cases, he is liable for the acts of his servant, when liable at all, not as if the acts were done by himself, but because the law makes him answerable therefor. He is liable, *594 says lord Kenyon, “ to make a compensation for the damage consequential from his employing of an unskilful, or negligent servant.” 1 East, 108. The servant also is answerable to the party injured by his acts done as servant, and is answerable to the master for any damages which the master may be compelled to pay for his wrongful acts, unless those acts were directed by the master. But if the master and servant were jointly liable to an action like this, the judgment and execution would be against them jointly, as joint wrongdoers, and the mastej, if he alone should satisfy the execution, could not call on the servant for reimbursement, nor even for contribution. Merryweather v. Nixan, 8 T. R. 186; Vose v. Grant, 15 Mass. 505, 521.
It is said, in Hammond on Parties, 77, that where a sheriff’s bailiff, or a carrier’s servant, is liable for causing a breach of duty, he cannot be charged jointly with his superior, since the grounds of their liability are different. And it was decided, in Campbell v. Phelps, 1 Pick. 62, that a sheriff and his deputy could not be joined in an action for the act of the deputy alone, though both were severally liable for the act. That case, as it seems to us, is not distinguishable from the case at bar. And we find no decision to the contrary, though it was said by Cowen, J., in Wright v. Wilcox, 19 Wend. 343, that he saw no reason why a joint action, like the present, would not lie.
In 1 Walford on Parties, 564, 565, it is said that “ the only instance,” in which a principal is chargeable for the acts of an inferior, so as to afford a joint right of action against both, is that of a sheriff who is chargeable jointly with his under-officer, when the latter commits a tort under color of executing legal process. See also Broom on Parties, 273, 274.
The authorities referred to by these writers are not conclusive on the question, whether even a sheriff in England can be sued jointly, with his under-officer, for the act of the latter. However this may be, the case of Campbell v. Phelps, before cited, has settled that question in this commonwealth.
The plaintiff’s counsel relied, in support of this action, on the case of Michael v. Alestree, 2 Lev. 172; and we have care *595 fully examined it. It was an action on the case, “ for that the defendants, in Lincoln’s Inn Fields, a place where people are always going to and fro about their business, brought a coach, with two ungovernable horses, and them, improvidently, incautiously, and without due consideration of the unfitness of the place, there drove, to make them tractable, and fit them for a coach; and the horses, because of their ferocity, being not to be managed, ran upon the plaintiff, and hurt and grievously wounded him.” The report states that “ the master was absent, yet the action was brought against him, as well as his servant, and both found guilty.” A motion was made in arrest of judgment for several causes. But judgment was given for the plaintiff; and the court said, among other things, “ it shall be intended the master sent the servant to train the horses there.” In Keble’s report of the same case, (3 Keb. 650,) no part of the declaration is set forth; but it is stated that the court said, on a motion in arrest, “ it’s at the peril of the owner to take strength enough to order them,” (the horses,) “ and the master is as liable as the servant, if he gave him order for it; and the action is generally for bringing them thither.” Thus it appears that the principle of the decision was, that the master, though absent, had ordered his servant to train intractable horses in a place constantly thronged with passengers, and was, therefore, in legal intendment, guilty of the act of training them there, jointly with his servant. Whether this principle was rightly applied, in that case, we need not consider. Very clearly, it was recognized by -the court. See Broom on Parties, 258, 259.
In Whitamore v. Waterhouse, 4 Car. & P. 383, an action was brought against the proprietors and driver of a coach for an injury done by the servant’s careless driving. Mr. Justice Parke said he never saw a case before, in which the proprietors and coachman were joined. But, upon being referred to the case of Michael v. Alestree, he did not think proper to call on the plaintiff to discharge either the proprietors or the coachman ; as the question would afterwards be open, in arrest of judgment. The plaintiff’s counsel thereupon consented to the acquittal of the coachman, and the trial proceeded against *596 the proprietors, who were also acquitted. That case, therefore, does not aid the present plaintiff.

New trial ordered.